UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ERNEST JUDGE SMITH, III,

    Plaintiff,

v.                                      Case No. 3:20-cv-1327-J-20MCR

STATE ATTORNEY'S OFFICE
MELISSA NELSON,

    Defendant.

## ORDER

Plaintiff Ernest Judge Smith, III, a detainee currently confined in the Duval County Jail, proceeding *pro se*, initiated this action by filing a Civil Rights Complaint (Complaint) (Doc. 1). He names State Attorney's Office Melissa Nelson as the only Defendant. Id. at 1-2. Plaintiff claims the State Attorney's Office "continues to operate under prosecutorial misconduct" and malicious prosecution and has abused due process by failing to dismiss the criminal charges against Petitioner. Id. at 5. He contends he remains falsely imprisoned and his rights have been violated as the State Attorney's Office "continue[s] to attempt to prosecute this criminal case when my rights were violated at the beginning." Id.

at 7.  Petitioner's seeks monetary damages for false imprisonment and for infliction of emotional distress.  Id.

The Prison Litigation Reform Act requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  Additionally, the Court must read Plaintiff's pro se allegations in a liberal fashion.  Haines v. Kerner, 404 U.S. 519 (1972).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001).  Frivolity dismissals should be ordered only when the legal theories are "indisputably meritless," Neitzke v. Williams, 490 U.S. 319, 327 (1989), or when the claims rely on factual allegations that are "clearly baseless," Denton v. Hernandez, 504 U.S. 25, 32 (1992).  Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success.  Bilal v. Driver, 251 F.3d at 1349.

With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), so courts apply the same standard in both contexts.  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517

F.3d 1249, 1252 (11th Cir. 2008), cert. denied, 555 U.S. 1051 (2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted), cert. denied, 534 U.S. 1129 (2002).

Therefore, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right secured under the Constitution or laws of the United States. See Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). However, "conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal." Rehberger v. Henry Cnty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (quotation and citation omitted).

Plaintiff seeks monetary damages against Defendant Nelson, the State Attorney currently prosecuting Plaintiff in state court. Plaintiff's claims against

3

Defendant Nelson, the State Attorney, are due to be dismissed. Prosecutors are "entitled to absolute immunity from damages for acts or omissions associated with the judicial process, in particular, those taken in initiating a prosecution and in presenting the government's case." Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (per curiam) (citing Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999); Fullman v. Graddick, 739 F.2d 553, 558-59 (11th Cir. 1984)). As such, Plaintiff cannot recover monetary damages from Defendant Nelson for actions taken as a prosecutor in Plaintiff's pending state court criminal case. The only relief requested against Defendant Nelson is monetary damages; therefore, the claims against her are due to be dismissed.

Furthermore, this Court will abstain from interfering with Petitioner's ongoing state court criminal case. Plaintiff may address his concerns with the state court by filing appropriate motions in the state court, by voicing his concerns at scheduled hearings or by presenting his concerns to his counsel, if applicable.

Based on the above, this case will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and this dismissal constitutes a strike.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.      This case is hereby **DISMISSED WITHOUT PREJUDICE**.

4

2. The **Clerk** shall enter judgment dismissing this case without prejudice.

3. The **Clerk** shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida this 2nd day of December, 2020.

_____
UNITED STATES DISTRICT JUDGE

sa 12/2
c:
Ernest Judge Smith, III